**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MARTHA ELLIS,

                              Plaintiffs,

v.                                           CIVIL ACTION NO.  2:12-cv-05751

FAMILY DOLLAR STORES OF
WEST VIRGINIA, INC.,

                              Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Family Dollar Stores of West Virginia, Inc.'s Motion to Dismiss Count III of Plaintiff's Complaint [ECF 4].  Plaintiff has responded and Defendant has filed its reply.  For the reasons that follow, the motion is **GRANTED**.

*I.      BACKGROUND*

This dispute arises from Plaintiff Martha Ellis's employment at a Family Dollar store in Chapmanville, Logan County, West Virginia.  The following allegations are drawn from Plaintiff's Complaint and, for purposes of the motion to dismiss, are regarded as true.

Plaintiff was 61 years of age at the time she filed her Complaint.  She was hired as an assistant manager at Family Dollar in November 2007.  She injured her back while lifting boxes at the store in 2009 and thereafter took a period of leave to allow her injuries to heal.  When she returned to work, she did so under her physician's mandate that she not lift heavy objects.  Her supervisors nonetheless routinely required her to lift heavy objects as part of her duties,

exacerbating her injuries.  Plaintiff's age and back injury made her a target of harassment from her supervisors and coworkers.  This continual harassment, combined with her persistent injury, led her to apply for and take a one-month leave of absence under the Family Medical Leave Act ("FMLA") in August 2011.  The harassment only worsened upon her return to work, however, and Plaintiff voluntarily left the employ of Family Dollar in September 2011.

Plaintiff filed suit in the Circuit Court of Logan County, West Virginia on August 13, 2012.  Her nine-count Complaint alleges, among other things, violations of the West Virginia Human Rights Act, the FMLA, and the public policy of West Virginia.  Count III contains a failure to accommodate claim.  On September 21, 2012, Defendant removed the action to this Court on the basis of federal question jurisdiction.  Defendant now moves to dismiss Count III of the Complaint for failure to state a claim upon which relief can be granted.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Allegations "must be simple, concise, and direct" and "[n]o technical form is required."  Fed. R. Civ. P. 8(d)(1).  A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a civil complaint.  Fed. R. Civ. P. 12(b)(6); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  "[I]t does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Republican Party of N. C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A court decides whether this standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer that "the defendant is liable for the misconduct alleged."  *Id*.  A motion to dismiss will be granted if, "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief."  *Edwards*, 178 F.3d at 244.

### III.    DISCUSSION

Count III of the Complaint alleges that Defendant failed to reasonably accommodate Plaintiff's disability in violation of the West Virginia Human Rights Act.  Defendant claims that the Complaint's allegations are insufficient to support this claim.

"[T]he West Virginia Human Rights Act . . . prohibit[s] employment discrimination against a qualified individual with a disability."  *Skaggs v. Elk Run Coal Co., Inc.*, 479 S.E.2d 561, 573 (W. Va. 1996) (citing W. Va. Code § 5-11-9).  Included among the discriminatory practices forbidden by the West Virginia Human Rights Act is an employer's failure to provide reasonable accommodation.[1]  W. Va. Code § 5-11-9(6)(A).  To state a claim for failure to accommodate, a plaintiff must prove the following elements:

(1) The plaintiff is a qualified person with a disability; (2) the employer was aware of the plaintiff's disability; (3) the plaintiff required an accommodation in order to perform the essential functions of a job; (4) a reasonable accommodation

---

[1] Reasonable accommodation is defined as "reasonable modifications or adjustments to be determined on a case-by-case basis which are designed as attempts to enable an individual with a disability to be hired or to remain in the position for which he was hired. Reasonable accommodation requires that an employer make reasonable modifications or adjustments designed as attempts to enable an individual with a disability to remain in the position for which she/he was hired."  W. Va. Code St. R. § 77-1-4.4.

existed that met the plaintiff's needs; (5) the employer knew or should have known of the plaintiff's need and of the accommodation; and (6) the employer failed to provide the accommodation.

Syl. pt. 2, *Skaggs*, 479 S.E.2d at 568.

The basis for Defendant's motion to dismiss Plaintiff's failure to accommodate claim is simple.  In Count III of her Complaint, Plaintiff alleges that she is a qualified person with a disability, that Defendant had notice of her disability, that she requested a reasonable accommodation of that disability, and that Defendant denied that request.  (ECF 4-1 at ¶¶ 28, 29, 31.)  Count III goes on to allege, however, that "[d]espite her disability, Ms. Ellis was able to continue performance of the essential functions of her employment position with the Defendant." (*Id.* at ¶ 30.)   Defendant contends that by admitting that she was able to perform the essential functions of her job despite a lack of accommodation, Plaintiff cannot prove the third element of the *Skaggs* test.  Without facts supporting this critical element, Defendant argues that Plaintiff fails to state a claim upon which relief can be granted.

Plaintiff fails to satisfactorily respond to these arguments.  Her response points out that as to the first element of the *Skaggs* test, a "qualified individual with a disability" is one who can perform her essential job functions "with or without reasonable accommodation."  (ECF 9 at 2 (citing *Kitchen v. Summers Continuous Care Ctr., LLC*, 552 F. Supp. 2d 589, 593 (S.D. W. Va. 2008)).  In reliance on this definition, Plaintiff contends that the allegations in Count III relied on in Defendant's motion to dismiss merely clarify that she is a qualified individual with a disability.  This argument misses the point.  Plaintiff must allege facts to support each element of her failure to accommodate claim, not just the first.  Included as an essential element of that legal claim is proof that the qualified individual with a disability could not perform her essential job functions without an accommodation.  Syl. pt. 2, *Skaggs*, 479 S.E.2d at 568.    Plaintiff's

Complaint is devoid of facts to support this third element.  Instead, by alleging facts that establish that she did not require an accommodation to continue to perform her essential job functions, Plaintiff has, at least as to Count III, pled herself out of court.

As it appears certain from the face of the Complaint that Plaintiff cannot prove any set of facts to support her failure to accommodate claim, the Court **GRANTS** Defendant's motion to dismiss Count III.

*IV.    CONCLUSION*

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss Count III of Plaintiff's Complaint [ECF 4].

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        May 28, 2013

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE